# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**KENNETH LEE GRIFFIN, # 42254**  PLAINTIFF

**VERSUS**  **CIVIL ACTION NO. 4:12cv96-DPJ-FKB**

**MAJOR GRUBBS, J. ALEXANDER,**
**WILLIE BOOKER, SERGEANT JACKSON,**
**MISSISSIPPI DEPARTMENT OF**
**CORRECTIONS, CHRISTOPHER EPPS,**
**MAJOR MIZE, and JOHN DOES**  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DISMISSING MDOC

BEFORE THE COURT are *pro se* Plaintiff Kenneth Lee Griffin's pleadings. He is incarcerated with the Mississippi Department of Corrections ("MDOC") and brings this action challenging the conditions of his confinement. The Court has considered and liberally construed the pleadings. For the reasons below, Defendant MDOC is dismissed.

I.  Background

According to Griffin's pleadings, he was previously housed at East Mississippi Correctional Facility in Meridian, Mississippi. While there, he claims his property was taken and checked into the property room. He complains the property was taken in violation of due process, equal protection, and the free exercise of his religion. Although he was later transferred to South Mississippi Correctional Institution, the property has not been returned to or transferred with him. He further argues he was denied access to courts when he was not transported to State court to litigate his replevin action. Among others, he sues MDOC for return of his property and damages.

II.     Discussion

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotations and citation omitted). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised . . . ." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Griffin to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

Griffin sues MDOC under 42 U.S.C. § 1983, and read liberally, under state law. He seeks both injunctive relief and damages.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

2

42 U.S.C. § 1983.  The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).  This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70.  MDOC is considered an arm of the State of Mississippi.  Miss. Code Ann. § 47-5-1; *Morgan v. State*, No. 2:07cv15-MTP, 2008 WL 410645, at *4 (S.D. Miss. Feb. 12, 2008).  Therefore, the Section 1983 claims against MDOC are dismissed.

"Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).  "To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).  The Court notes that Griffin sues MDOC Commissioner Christopher Epps, both in his individual and official capacity.

To the extent MDOC is sued under the Mississippi Tort Claims Act, the Act does not waive the State's Eleventh Amendment immunity "from suit in federal court."  Miss. Code Ann. § 11-46-5(4).  Therefore, the state law claims against MDOC are dismissed as well.

III.   Conclusion

MDOC is dismissed because it is not a Section 1983 "person" and is immune from suit in federal court on the state law claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the Section 1983 claim against Defendant Mississippi Department of Corrections should be and is hereby **DISMISSED WITH PREJUDICE**. The State law claims against MDOC are **DISMISSED WITHOUT PREJUDICE**. The remainder of the case will proceed.

**SO ORDERED AND ADJUDGED** this the 24th day of July, 2012.

                                          s/ *Daniel P. Jordan III*
                                          UNITED STATES DISTRICT JUDGE